**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIKTA JANATI, | No. 17-15678 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-01367-APG-CWH |
| v. | |
| UNIVERSITY OF NEVADA LAS VEGAS SCHOOL OF DENTAL MEDICINE; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted September 10, 2018**
San Francisco, California

Before: WALLACE, RAWLINSON, and WATFORD, Circuit Judges.

The district court did not err in granting summary judgment for defendants

on Nikta Janati's 42 U.S.C. § 1983 and breach of contract claims.

**1.** The district court properly granted summary judgment for defendants on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Janati's procedural due process claim. We assume, without deciding, that Janati has a constitutionally protected interest in continuing her dental education without suspension. *See Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 84–85 (1978). However, even assuming that such an interest exists, Janati failed to raise a genuine issue of material fact as to whether defendants violated her due process rights.

Defendants gave Janati notice of the Honor Council hearing and the allegations against her three weeks before the hearing. Defendants then disclosed a list of witnesses and documents that they intended to introduce. At the hearing itself, Janati had the opportunity to have counsel present, present arguments, and call and cross-examine witnesses. She was afforded the same process for her second hearing. Finally, unbiased decisionmakers issued written findings and a written decision based on the evidence presented, and gave Janati a chance to appeal.

Janati alleges that defendants violated their own policies for handling academic misconduct. Even if this were true, "defendants' purported failure to comply with their own administrative procedure does not, itself, constitute a violation of constitutional due process." *Wynar v. Douglas Cty. Sch. Dist.*, 728 F.3d 1062, 1073 (9th Cir. 2013) (internal quotation marks omitted).

**2.** The district court did not err in granting summary judgment for

defendants on Janati's substantive due process claim. There is no genuine dispute of material fact as to whether Janati's suspension was rationally related to defendants' legitimate interest in punishing academic dishonesty.

**3.** The district court also properly granted summary judgment on Janati's First Amendment retaliation claim. Janati failed to produce sufficient evidence that defendants even knew about her complaint against Justin Perdichizzi. Thus, there is no genuine issue of material fact as to whether Janati's complaint was a "substantial or motivating factor" in the defendants' reports of her alleged academic misconduct, as required for a retaliation claim. *Pinard v. Clatskanie Sch. Dist. 6J*, 467 F.3d 755, 770 (9th Cir. 2006).

**4.** Finally, the district court correctly granted summary judgment for defendants on Janati's breach of contract claims. Assuming that a contractual relationship existed between Janati and defendants, there is no genuine dispute of material fact as to whether defendants breached any contractual obligations. The student manual does not require complaints of Honor Code violations to be filed by eyewitnesses of the alleged misconduct. Nor does it require signed statements from those witnesses. Additionally, Janati failed to raise a genuine issue of material fact as to whether Dr. Kypuros substantially complied with the policies for investigating and conducting a hearing on the charges against Janati.

**AFFIRMED.**